# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| MESEARCH MEDIA TECHNOLOGIES ) | |
| LIMITED, ) | |
| ) | Bankr. Case No. 24-21982-JCM |
|     Reorganized Debtor. ) | |
| _____ ) | |
| ARTHUR CRIVELLA and CRIVELLA ) | |
| HOLDINGS LIMITED, ) | |
| ) | |
| ) | Adv. No. 25-02083-JCM |
|     Plaintiffs, ) | |
| ) | |
|     v. ) | |
| ) | |
| MESEARCH MEDIA TECHNOLOGIES ) | |
| LIMITED, and GAME CREEK ) | |
| HOLDINGS, LLC, ) | |
| ) | |
|     Defendants. ) | |

### AMENDED COMPLAINT PURSUANT TO 11 U.S.C. §1144 AND RULE 7001(E) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR REVOCATION OF PLAN CONFIRMATION

AND NOW, come the plaintiffs, Arthur Crivella ("Art Crivella") and Crivella Holdings Limited ("Crivella Holdings" and collectively with Art Crivella, the "Plaintiffs"), and file this Amended Complaint pursuant to 11 U.S.C. §1144 and Rule 7001(e) of the Federal Rules of Bankruptcy Procedure for revocation of the Order [Dkt. No. 342] (the "Confirmation Order") entered May 8, 2025 confirming the Second Amended Plan of Reorganization dated May 26, 2025 [Dkt. No. 262] (the "Plan") filed by plan proponent, Game Creek Holdings, LLC ("Game Creek").

### PARTIES

1. Crivella is an individual and resident of the Commonwealth of Pennsylvania having an address at 704 Amberson Avenue, Pittsburgh, Pennsylvania 15232.

2. Crivella is a pre-petition creditor of and pre-petition equity interest holder in MeSearch.

3. Crivella Holdings is a Pennsylvania Limited Liability Company with a registered address at 704 Amberson Avenue, Pittsburgh, Pennsylvania 15232.

4. Crivella Holdings is a party to a pre-petition Software License Agreement (the "<u>License Agreement</u>") with MeSearch. According to MeSearch, it assumed the License Agreement with Crivella Holdings on the effective date of the Plan.

5. MeSearch Media Technologies ("<u>MeSearch</u>") is the debtor in the above captioned bankruptcy case (the "<u>Bankruptcy Case</u>") and the purported reorganized debtor.

6. Upon information and belief, MeSearch is a Pennsylvania corporation with an address of 3945 Forbes Avenue, Suite 391 Pittsburgh, PA 15213..

7. Game Creek Holdings was the proponent of the Plan in the Bankruptcy Case.

8. Upon information and belief, Game Creek is a Pennsylvania limited liability company with an address at 210 Wood Street, Tarentum, Pennsylvania 15084.

**STATEMENT OF JURISDICTION, VENUE, AND STATUTORY BASIS FOR RELIEF**

9. The Plaintiffs bring this adversary action pursuant to 11 U.S.C. §1144 and Federal Rule of Bankruptcy Procedure 7001(e).

10. This Court has jurisdiction over this adversary action pursuant to 28 U.S.C. §§157 and 1334. This adversary action arises in the Bankruptcy Case and is, therefore, a core proceeding pursuant to 11 U.S.C. §157(b)(1). Alternatively, this matter is related to the Bankruptcy Case and therefore jurisdiction is appropriate pursuant to 11 U.S.C. §157(b)(2).

11. Venue is appropriate in this Court pursuant to 28 U.S.C. §§1408 and 1409.

12. The Plaintiffs consent to the entry of a final order or judgment by this Court in this matter.

## FACTUAL BACKGROUND

13. Game Creek filed its Plan on March 26, 2025.

14. In support of the Plan, Game Creek simultaneously filed the *Declaration of Joseph Lawrence* [Dkt. No. 265] (the "Declaration"). The Declaration was signed by Joseph Lawrence ("Lawrence") under penalty of perjury.

15. The Declaration states:

> The Plan Complies with Section 1129(a)(11). I understand that Section 1129(a)(11) of the Bankruptcy Code requires a court to determine that a Chapter 11 plan is feasible, and that confirmation of such plan is not likely to be followed by the liquidation or further financial reorganization of the Debtor. The Debtor will be fully funded by the Plan Proponent on the Effective Date, and all Allowed Claims that it owes will be paid. The Plan does not rely on future income to be generated by the Debtor. Instead, the Richard M. Scaife 2004 Grantor Trust (the "Trust"), of which I am a trustee, and the 100% owner of the ownership interests of RMS Funding Company, LLC which owns 100% of the ownership interest in the Plan Proponent, has allocated at least $6,500,000.00 to the Plan Proponent in support the Plan. Upon confirmation of the Plan, the Plan Proponent will assume/pay the Debtor's debt in excess of $3,000,000.00. Moreover, the Trust has agreed to consider future funding of the Debtor post-Effective Date. Lastly, I personally Based on my knowledge of the Debtor and the terms of the Plan, I believe that the Plan is feasible and satisfies Section 1129(a)(11) of the Bankruptcy Code.

16. Upon information and belief, neither Game Creek nor the Richard M. Scaife 2004 Grantor Trust (the "Scaife Trust") had any intent of paying the allocated $6,500,000.00 to MeSearch to fund the Plan.

17. Instead, Game Creek and the Scaife Trust, through Lawrence, simply proposed such payments to convince this Court to confirm the Plan as feasible and in the best interest of creditors and equity security holders.

18. Upon information and belief, neither Game Creek nor the Scaife Trust ever paid the full value of the allocated "at least" $6,500,000.00.

19. Upon information belief, after the payment of general unsecured claims, the remainder of such allocated amounts would inure to the benefit of equity security holders.

20. Art Crivella is an equity security holder of the pre-petition MeSearch and during the pendency of the Bankruptcy Case.

21. Art Crivella has never been paid any proportion of the funds allocated to fund MeSearch, as required by the Plan and Bankruptcy Code.

22. The Declaration also states:

> The Plan is Proposed in Good Faith Pursuant to Section 1129(a)(3). I understand that Section 1129(a)(3) of the Bankruptcy Code requires that a Chapter 11 plan be proposed in good faith and not by any means forbidden by law. The Plan was proposed in good faith with the legitimate purpose of maximizing stakeholder value and to effectuate a successful chapter 11 proceeding for the Debtor. I believe that the Plan contains no provisions that are contrary to state or other laws nor is there any indication the Plan Proponent lacks the ability to consummate the Plan. I believe the Plan preserves jobs and ensures the Debtor's business continues. Throughout this process, and especially the Plan process, the Plan Proponent has taken all steps to ensure transparency, and that creditors and interest holders are treated fairly. For these reasons, I believe the Plan was filed in good faith to further the purposes of the Bankruptcy Code, and I, therefore, believe that it satisfies the requirements of Section 1129(a)(3) of the Bankruptcy Code.

23. The Declaration further states:

> The Plan Complies with Section 1129(a)(5). I understand that Section 1129(a)(5) of the Bankruptcy Code requires (a) that a plan proponent disclose the identity and affiliation of any individual proposed to serve as a director or officer of the debtor, or a successor thereto, under a Chapter 11 plan, (b) that the appointment or continuance of such officers and directors be consistent with the interests of creditors and equity security holders and with public policy, and (c) that a plan proponent disclose the identities or affiliations of insiders to be employed or retained by the reorganized debtors as directors and officers and the nature of any compensation for such insider. Specifically, I will initially serve as the President, Secretary, and an initial director of the Debtor, and Jennifer Walters will serve as the Treasurer and an initial director for the Debtor. Our service in these roles is in the best interest of creditors and the estate because we are familiar with the Debtors business, and we can ensure complete and prompt fulfillment of the Debtor's obligations under the Plan. For these reasons, I believe that the Plan complies with the requirements of Section 1129(a)(5) of the Bankruptcy Code.

24. On or about September 8, 2025, an individual named Oracio Flores, having an email address associated with an entity called OWNLocal contacted Mary Geever, the former treasurer for MeSearch requesting access to information of MeSearch.

25. Oracio Flores represented to Ms. Geever that he was assisting with the "transition of MeSearch and OWNLocal merger."

26. Upon information and belief, Oracio Flores and Lawrence represented to the Chapter 11 Trustee in this Bankruptcy Case in or around September 2025 that Oracio Flores is the post-petition Chief Financial Officer of the Debtor.

27. During the course of the Bankruptcy Case, Oracio Flores was represented to be an employee of OWNLocal and having no relationship to MeSearch.

28. At the hearing on confirmation of the Plan in the Bankruptcy Case on March 27, 2025, Lawrence testified that the Plan identified "all" officers and directors of the reorganized MeSearch.

29. Oracio Flores is not listed as a proposed officer or director of the reorganized MeSearch in the Plan or in the Declaration.

30. At the hearing on confirmation of the Plan on , Lawrence also testified that there was no intent that there would be any acquisition or merger of OWNLocal by Game Creek or MeSearch.

31. Game Creek, through Lawrence, made several material representations to the Court during the course of the Bankruptcy Case regarding the good faith filing of the Plan, including that the Plan was proposed for a reorganizational purpose and not for the purpose of divesting equity and merging with OWNLocal.

32. Since the entry of the Confirmation Order, such material representations have been proven to be false.

33. Specifically, Game Creek represented to this Court that it has secured funding for the Plan in the amount of at least $6,500,000.00, in addition to the proposed payments set forth in the Plan, but no such funding has been paid to MeSearch or distributed according to the requirements of the Bankruptcy Code.

34. Moreover, Lawrence flatly misrepresented the information necessary to meet specific requirements for confirmation under the Bankruptcy Code, for the purpose of obtaining a confirmation of the Plan and deceiving this Court, creditors, and equity security holders.

## COUNT I
## 11 U.S.C. §1144

35. The Plaintiffs incorporate paragraphs 1 through 33 of this adversary action as if fully set forth herein.

36. The conduct of Game Creek and MeSearch, through Lawrence, constitute material misrepresentations made in the course of the Bankruptcy Case for the purpose of procuring confirmation of the Plan.

37. Lawrence failed to disclose the true intent of Game Creek in filing the Plan and misled the Court, creditors, and equity security holders by testifying that there was no intent to merge with or acquire OWNLocal as part of the Plan, but upon information and belief there is evidence that this was untrue.

38. Lawrence failed to disclose the names of officers and directors, specifically Oracio Flores as Chief Financial Officer of the reorganized MeSearch, in the Declaration or at the hearings on confirmation of the Plan.

39. Game Creek represented that it had funding for the Plan. Upon information and belief, Game Creek never intended to fund the Plan with those amounts and has failed to fund the Plan as promised.

40. Game Creek represented that the value of the equity of MeSearch is "what a party would pay for if." Then Game Creek represented that it would pay in excess of $6,500,000.00 for MeSearch.

41. Once the Confirmation Order was entered, Game Creek completely ignored its clear representation to the Court on the value of MeSearch and now seeks to suggest that MeSearch was not worth what it indicated it would pay for it as set forth in the Declaration and under oath at the hearings on confirmation of the Plan.

42. As such, pursuant to 11 U.S.C. §1144, the Confirmation Order should be revoked.

WHEREFORE, the Plaintiffs request this Court enter an Order revoking the Confirmation Order and granting such other relief as this Court deems necessary and proper.

Dated: November 11, 2025          Respectfully submitted,

CAMPBELL & LEVINE, LLC

*/s/Kathryn L. Harrison*
Kathryn L. Harrison
PA I.D. No. 209601
310 Grant Street, Suite 1700
Pittsburgh, Pennsylvania 15219
Tel: 412-261-0310
Fax: 412-261-5066
kharrison@camlev.com

*Counsel to the Plaintiffs*